Baldwin, J.
delivered the opinion of the Court.
The Court is of opinion, that by the true construction of the last will and testament of William Starke deceased, the testator intended that, after payment of his debts, his estate, real and personal, should constitute a common fund, for the support and maintenance of his wife, if she should continue his widow, and the support, maintenance, rearing and education of his children, until the youngest child should attain the age of 21 years, and then that the estate should be equally divided between his wife, if she should continue his widow, and his children, provided she should then consent to a division, *346 and if not, that the estate should still remain until such consent, a common fund for the support and maintenance of the wife, if she should continue his widow, and of such of the children as should not have left the family; but a Power and confidence in the wife, that after the youngest child should attain full age, or before, she should, in her discretion, make such advancements as circumstances should require and permit, to such of the children as by marrying, or otherwise settling in life, should quit the family.
And it may be inferred, from the language of the will, that the testator contemplated that the estate would be so kept in kind, as well as in common. But such an expectation, or even the strongest implication of such an intent, could not affect the power of a Court of equity conferred by the statutes, to direct, in the prescribed mode of proceeding, the sale of the real estate of infants, when their interest manifestly requires it. See the statutes on the subject, 1 Rev. Code 409, 410; Supp. Rev. Code 134, 208, 209, 222, 224. The construction of the statutes presents not a question of intent on the part of the. testator, but of authority and discretion on the part of the Court. A testator always contemplates, when he devises real property to infants, that they shall enjoy it in kind, for if he intends that it shall be sold, and the proceeds enjoyed, he so directs by his will. And it was the want of authority to sell under the will, when the testator’s views at the time of executing it, in favour of an enjoyment in kind, should turn out to be delusive, or when there should be a change of circumstances not foreseen or provided for, which prompted the Legislature to impart to Courts of equity, by a general Jaw, that jurisdiction to sell, properly guarded, which they had themselves before habitually exercised. In doing this, the Legislature intended no invasion of the substantial enjoyment by infants in the contemplation of testators when making their wills, but only of *347 the form of enjoyment expressed or implied. The object was to place the Courts in loco parentis, and enable them to prevent the substantial enjoyment from being impaired by the want of authority to change its shape, and give them power to do what would be done by the testator himself, if he could be restored to life, and estimate the exigency of existing circumstances. But it was not the purpose of the Legislature to overrule an imperative prohibition of the testator, applicable to all circumstances that might occur or exist; and, therefore, the power to sell is withheld from the Courts where the will expressly directs that the property shall not be sold. Where there is no such absolute prohibition, the testator must be regarded as having left the matter subject to the general authority conferred by the law.
If this were otherwise, and a direction in a deed or will granting or devising real property to infants, or in trust for them, that the same should be kept together, or rented out, or cultivated, or managed, for their common support or benefit during their minority, should be construed into an express inhibition of the sale of it under all circmstances, the jurisdiction to sell, conferred by our statute law upon the Courts of equity, would be shorn of half its value; and the supposed obligation to keep the property in kind might deprive the infants of the means of subsistence : As for example, in cases of destruction by fire or tempest, of houses, mills or factories that cannot be rebuilt for want of funds, though the ground itself may be sold for a sum that would yield a considerable revenue.
The Court is therefore of opinion, that the Circuit court had lawful authority to cause the real estate, in the proceedings mentioned, to be sold, and the proceeds of the sale to be vested and applied in conformity with the dispositions of the subject directed by the will: And the evidence in the record is satisfactory to shew *348 that a sale thereof, for that purpose, was mainfestly required by the interests of the infant defendants.
As to the proceedings in the cause, prior to the sale, the Court is of opinion that there was no irregularity. The first guardian ad litem was appointed at rules, under the authority of the act of March 31st, 1840, Sess. Acts 1839-40, p. 47, which embraces all cases without exception. And there was no necessity or propriety for a provision in the decree for sale, as a condition thereof, that security should be given, under the 20th section of the statute, 1 Rev. Code 410, for the application of the proceeds; inasmuch as the sale was to be on credit payments to be secured by the purchaser, and the persons into whose hands they would thereafter come had not been then ascertained.
And the Court is further of opinion, that the decree for sale having directed it to be made on the premises, the commissioner, especially after advertising that it would be made there, acted irregularly in making it at a different place, instead of reporting to the Court that it could not be had there for want of bidders, and obtaining instructions as to his future action : And, inasmuch as the purchasers could not have enforced their contracts, if resisted by the parties in the cause, they ought not to be compelled to perfect them. The commissioner, moreover, acted indiscreetly, though not fraudulently, in his manner of conducting the sale. The decree having authorized him to sell the land in one entire tract, or to divide the same and sell it in parcels, with authority to engage the services of a surveyor to enable him to make such, division, and having determined to sell in parcels, he ought to have caused them to be laid off, by survey, prior to the sale : instead of attempting to describe them orally and by reference to a general plat, at the time of the sale; in which description he fell into errors, the consequence of which *349 was, as appears from the evidence, that the appellants, Talley and Melton, were misled to their prejudice in regard to the quantities and advantages of the lots sold to them, and executed their bonds for the purchase money without correct information on that subject.
The appellants, Talley and Melton, ought, therefore, to be relieved from their said purchases. As to Gentry, the purchaser of the other lot, he seems to be content with his purchase, and is not a party to this appeal. But the effect of confirming the sale as to him only may be prejudicial to a resale of the rest of the tract; and the infant defendants being substantially parties to the appeal, and represented as to their interests as well by their guardian as their guardian ad litem, have a right to object to the whole sale, because not made on the premises as directed by the decree. In a proceeding, therefore, like the present, authorized only for the benefit of the infants, they ought not to be prejudiced by what was designed to be a complete sale of their interests, in consequence of the cutting up of the tract into parcels for that purpose: And the Court is of opinion, that the whole decree of confirmation ought to be reversed, and the cause sent back for further proceedings, in which the Court below will determine whether the sale to Gentry ought to be set aside, or confirmed with his consent and for the benefit of the infant defendants. And the Court below will also have to determine to what extent, if any, a resale should yet be made ; inasmuch as some of the infant defendants will have attained full age since the former sale, and may be unwilling that their interests should still be sold; and it may appear that a sale of the interests only of those continuing infants may be injurious to them; and the devisees who were adults at the time of their consenting to the former sale, may be unwilling that a resale of their interests should be made under the altered circumstances of the case.
*350 It is therefore ordered and decreed, that the decree of the Circuit court be reversed and annulled, with costs to the appellants, against the appellee Susan L. Starke. And the cause is remanded to the Circuit court, to be proceeded in according to the principles above declared.